UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUCKABY, individually and in his capacity as the Trustee of Texas Tea Trust; GREGORY L. HUNT; and ACTION CONSTRUCTION CO.,<br><br>Defendants. | No. 2:13-cv-2158-MCE-EFB<br><br><br><br>ORDER |

On June 18, 2014, the court heard the United States' motion to compel and motion for sanctions. ECF No. 8. Attorney Richard Schwartz appeared on behalf of plaintiff; attorney Robert Huckaby appeared on behalf of defendants.

As stated on the record, plaintiff's motion to compel is granted in part. Defendant Robert Huckaby shall provide responses by facsimile to plaintiff's first set of interrogatories and requests for production of documents by close of business June 18, 2014. Further, Robert Huckaby, and not his clients, is ordered to pay the United States the reasonable expenses incurred in bringing its motion. *See* Fed. R. Civ. P. 37(a)(5)(A) (if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion). On or before June 23, 2014, the United States shall submit a

declaration identifying the costs and attorney's fees incurred in bringing its motion. Any response by Mr. Huckaby to that declaration shall be filed no later than June 30, 2014. Upon receipt of the government's declaration, and objections, if any, the court will assess the reasonableness of the amount requested, and order Mr. Huckaby to pay the United States the reasonable expenses incurred. No evidentiary or termination sanction shall issue.

The court also finds that sanctions are appropriate for Mr. Huckaby's failure to timely file an opposition to plaintiff's motion. Plaintiff's motion was originally noticed for hearing on June 4, 2014. Defendants, however, failed to timely file an opposition to the motion. Therefore, on May 30, 2014, defendants were order to show cause, in writing, no later than June 11, 2014, why sanctions should not be imposed for failure to timely file an opposition or statement of non-opposition. ECF No. 11. In response, defendants filed a two-page document addressing both the merits of plaintiff's motion and the court's order to show cause. ECF No. 12. In the response, Mr. Huckaby represented that he did not receive notice of plaintiff's motion because the automatic email generated from this court's electronic filing system was "captured in Huckaby's spam filter so he did not see it until [the] OSC was posted by the Court." *Id*.

The court has serious concerns about the veracity of the proffered explanation. No explanation is given for why Mr. Huckaby was able to receive notification of the court's order to show cause but not the notification of plaintiff's motion, given that both notifications were sent from the same source—the court's electronic filing system. Furthermore, a review of this court's records show that Mr. Huckaby has appeared as counsel in three other cases. *See First National Insurance Company of America v. Hunt*, 2:10-cv-01449-WBS-DAD; *Johnson v. Neal-Forde, LLC*, 2:10-cv-02572-WBS-EFB; *United States of America v. Campbell*, 2:11-cv-02826-MCE-EFB. There is no indication from any of the dockets in these three cases that Mr. Huckaby has experienced difficulty receiving notices from the court. Further, Mr. Huckaby disclosed at the hearing that he has been using the same email service and spam filter for many years.

Even assuming that Mr. Huckaby did not receive notice of plaintiff's motion because of his email's spam filter, Mr. Huckaby, and not his email provider, is the party responsible for him not receiving the notification. Local Rule 135 provides that "[w]hen counsel have consented to

1  electronic service, see L.R. 135(g), [the "Notice of Electronic Filling" notice generated by
2  CM/ECF] will constitute automatic service of the document on all others who have consented."
3  E.D. Cal. L.R. 135(a).  Documents maintained by the Clerk of the Court indicate that Mr.
4  Huckaby consented to receiving electronic service on July 9, 2010.  Mr. Huckaby should have
5  been aware that he would only receive service of court documents electronically and taken
6  appropriate measures to ensure that he receives emails from this court, including adding the
7  court's email address to a safe sender list.

8  Whichever explanation is accurate, Mr. Huckaby violated this court's local rules by
9  failing to timely file an opposition to plaintiff's motion for sanctions.  *See* E.D. Cal. L. R. 251(e)
10 (requiring a party to file a response to a discovery motion within seven days of the hearing date).
11 Further, he has failed to justify this violation.  Accordingly, Mr. Huckaby shall be sanctioned in
12 the amount of $300 for his failure to comply with this court's local rules.  *See* E.D. Cal. L.R. 110
13 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may
14 be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or
15 within the inherent power of the Court.").  This sum shall be paid to the Clerk of the Court no
16 later than thirty days from the date of this order.  Mr. Huckaby shall file an affidavit
17 accompanying the payment of this sanction which states that it is paid personally by him, out of
18 personal funds, and is not and will not be billed, directly or indirectly, to his clients or in any way
19 made the responsibility of his clients as attorneys' fees or costs.

20 So Ordered.

21 DATED: June 18, 2014.

    _____
    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

3